# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| QUINTEZ TALLEY, | : | No. 3:16cv2074 |
| --- | --- | --- |
| Plaintiff | : | |
| v. | : | (Judge Munley) |
| | : | (Magistrate Judge Mehalchick) |
| PA DEPT. OF CORRECTIONS, et al., | : | |
| Defendant | : | |

## **MEMORANDUM**

Before the court for disposition is Magistrate Judge Karoline Mehalchick's report and recommendation (hereinafter "R&R") which proposes granting in part and denying in part the defendants' motion to dismiss. (Doc. 20). Plaintiff Quintez Talley (hereinafter "plaintiff"), a prisoner incarcerated at State Correctional Institution in Greene County, Pennsylvania, filed the instant lawsuit asserting a number of claims under 42 U.S.C. § 1983 and the Americans with Disabilities Act (hereinafter "ADA") stemming from events that occurred while plaintiff was incarcerated at State Correctional Institution in Benner Township in Centre County, Pennsylvania (hereinafter "SCI-Benner"). The complaint names a number of defendants, specifically the Pennsylvania Department of Corrections (hereinafter "DOC"), the Bureau of Health Care Services (hereinafter "BHCS"), the Chief Safety and Environment Protection Division (hereinafter "SEPD"), Psychologist Dr. Jerrold Lincoln, and the following DOC officials and staff

members: DOC Secretary John E. Wetzel, Superintendent Tammy Ferguson, Chief Grievance Officer Dorina Varner, Deputy Superintendent Bobbi Jo Salamon, Safety Manager Tammy S. Fagan, Hearing Examiner Scott Ellenberger, Major Timothy Graham, Major Brian Anstead, Unit Manager Dave Link, Lieutenant Larry Shaw, Sergeant Shayne Reiter, Corrections Officer Nathan Balko, and Corrections Officer Jon Saylor. For the following reasons, we will adopt Magistrate Judge Mehalchick's R&R.

**Background**

Plaintiff, a *pro se* inmate, initiated this action on October 11, 2016. (Doc. 1, Compl.). Plaintiff contends that in October of 2014, while he was assigned to SCI-Benner's Restricted Housing Unit (hereinafter "RHU"), he was experiencing suicidal thoughts, which he reported to Lieutenant Shaw, Sergeant Reiter, and Corrections Officer Balko. (Id. ¶ 31). Plaintiff alleges that the DOC officers were apathetic to his expressed desire to end his life, and left him unattended in his cell for a period of time. (Id.)

At some point, Dr. Lincoln, a psychiatrist at SCI-Benner and a defendant in this case, was notified of plaintiff's suicidal state of mind, and reported to plaintiff's cell. (Id. ¶ 32). Before Dr. Lincoln arrived, however, plaintiff unsuccessfully attempted to hang himself. (Id. ¶ 33). Plaintiff "blacked out," and

when he regained consciousness, his mattress was on fire,[1] and Dr. Lincoln was tapping on his cell door. (Id. ¶¶ 33, 34). Plaintiff placed a wet cloth over his face, evidently to avoid smoke inhalation. (Id. ¶ 34). Plaintiff claims that there is no sprinkler system in any of the RHU cells. (Id. ¶ 35).

Shortly thereafter, plaintiff recalls being removed from his burning cell, placed in a wheel chair, and escorted to the medical unit to be placed under psychiatric observation. (Id. ¶ 38). While being transferred from his cell to observation, plaintiff insisted that he had warned the DOC officers of his suicidal urges, but was ignored. (Id.)

Corrections Officer Saylor issued a misconduct report against plaintiff as a result of the incident. (Id. ¶ 41). Plaintiff contends that he was unaware that Defendant Ellenberger sentenced him to ninety (90) days of disciplinary custody for his conduct. (Id. ¶ 42). As soon as he learned of this sentence, plaintiff filed an appeal with the Program Review Committee, claiming that he had not been notified immediately of the hearing's outcome, and challenging the fact that he was being punished for his suicidal behavior. (Id. ¶¶ 42, 43). Plaintiff allegedly did not receive a copy of the Program Review Committee's response to his appeal until the pre-trial stage of one of his criminal cases in Centre County. (Id. ¶ 44).

---

[1] It is not clear how or at what point the fire started. Plaintiff alleges in his complaint that he set fire to his cell in an attempt to commit suicide. (Id. ¶ 3). This was not the first time that plaintiff set a fire in an attempt at self-harm. (Id.)

3

Plaintiff alleges that various individuals at SCI-Benner manipulated the prisoner grievance system to conceal the injustice he was subjected to. (Id. ¶ 45). He further explains that Defendant Link, the unit manager at SCI-Benner who conducted the initial review of plaintiff's appeal, found that that DOC staff had properly followed mental health protocol the night that plaintiff attempted to hang himself. (Id. ¶ 46). Plaintiff then appealed to the next level, SCI-Benner's facility manager, Defendant Ferguson. (Id. ¶ 47).

Defendant Ferguson found that the officers had "failed to maintain constant observation outside [plainitff's] cell after [he] alleged self-harm." (Id.) Defendant Ferguson further found that although the DOC staff members denied hearing plaintiff's suicidal statements, it was probable that plaintiff had reported the statements to them. (Id. ¶ 49). Defendant Ferguson upheld in part and denied in part the decision of Defendant Link. (Id. ¶ 47). By the time Defendant Ferguson's appeal response had been issued, however, plaintiff had already been transferred from SCI-Benner. (Id. ¶ 48). Nevertheless, plaintiff appealed for final review to Chief Grievance Officer Varner. (Id. ¶ 51). Defendant Varner relied on a report from the BHCS in forming her decision, and focused entirely on the fact that Dr. Lincoln did eventually report to plaintiff's cell. (Id.) Ultimately, plaintiff's appeal was denied. (Id.)

In sum, plaintiff contends that DOC officers were deliberately indifferent to his mental health needs, and violated DOC procedure by leaving him unattended. He further alleges that the review board, specifically Chief Grievance Officer Varner, deliberately attempted to conceal the indifferent behavior of the DOC officers on the night of plaintiff's attempted suicide. This, plaintiff argues, contributed to his decompensation and emotional suffering. Based on the foregoing factual allegations, plaintiff filed the instant lawsuit, advancing a variety of claims under 42 U.S.C. § 1983 (hereinafter "§ 1983") for violations of his rights under the Eighth Amendment, Fourteenth Amendment, and the ADA. He also advances a claim against some of the defendants for conspiring to deprive him of his civil rights by manipulating the inmate grievance process which ultimately contributed to his mental and emotional harm.

On April 21, 2017, the defendants filed a motion to dismiss. (Doc. 14). The defendants argue that plaintiff failed to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). On June 8, 2017, plaintiff filed a brief in opposition to defendant's motion. (Doc. 18). Defendants replied on June 25, 2017. (Doc. 19).

Magistrate Judge Mehalchick reviewed the parties' arguments and recommends that the defendants' motion be granted in part and denied in part.

(Doc. 20). Plaintiff filed objections to Magistrate Judge Mehalchick's R&R. (Doc. 21). This matter is now ripe for disposition.

**Legal Standard**

In disposing of objections to a magistrate judge's R&R, the district court must make a *de novo* determination of those portions of the report against which objections are made. 28 U.S.C. § 636(b)(1)(c); see also Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983). The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

Absent objection to the report and recommendation, a district court should still "afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987).The law describes this level of review as "reasoned consideration." Id. Absent a clear error on the face of the record or a manifest of injustice, we may adopt the recommendation by the magistrate judge. FED. R. CIV. P. 72(b) 1983 Advisory Committee Notes; see also 28 U.S.C. § 636(b)(1); Sullivan, 723 F.2d at 1085.

At issue is the defendants' motion to dismiss. When a motion to dismiss is filed for failure to state a claim upon which relief can be granted pursuant to Rule

6

12(b)(6) of the Federal Rules of Civil Procedure, the sufficiency of the allegations in the complaint is tested. Granting the motion is appropriate if, accepting as true all the facts alleged in the complaint, the plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," or put another way, "nudged [his or her] claims across the line from conceivable to plausible." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). The Third Circuit interprets Twombly to require the plaintiff to describe "enough facts to raise a reasonable expectation that discovery will reveal evidence of" each necessary element of the claims alleged in the complaint. Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly 550 U.S. at 556). Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation." Id. at 234-35.

**Discussion**

Magistrate Judge Mehalchick reviewed the record in its entirety and recommends that all claims against the DOC under the Eighth and Fourteenth Amendments be dismissed with prejudice for lack of jurisdiction because such § 1983 claims against this defendant are barred by Eleventh Amendment immunity. She recommends that all claims brought under § 1983, either under the Eighth Amendment, Fourteenth Amendment, or the ADA, against Dr. Lincoln and all ADA claims against the DOC be dismissed without prejudice for failure to

7

state a claim pursuant to Federal Rule of Procedure 12(b)(6) with leave to amend.

Magistrate Judge Mehalchick further recommends that plaintiff be allowed to proceed as to: all Eighth Amendment claims asserted against Defendants Shaw, Reiter, Balko, Wetzel, Ferguson, SEPD, Fagan, Ellenberger, Salamon, Graham, Anstead, Link, Varner, and BHCS stemming from their alleged deliberate indifference to plaintiff's serious medical needs; all Fourteenth Amendment supervisory liability claims against Defendants Ellenberger, Wetzel, Fagans and SEPD stemming from their alleged lack of oversight of the inmate grievance system and the prison's safety conditions; and plaintiff's conspiracy claims against the various DOC officers under § 1983.

In making her recommendation on which claims should be allowed to proceed, the magistrate judge rejected the defendants' argument that these claims should be dismissed for plaintiff's failure to exhaust his available administrative remedies prior to filing this suit, and declined to convert defendants' motion to dismiss into a motion for summary judgment pursuant to Rule 12(d) of the Federal Rules of Civil Procedure. Plaintiff appears to object to only to this portion of the magistrate judge's recommendation. As such, we will conduct a *de novo* review of plaintiff's objection first, and then proceed to review

the remainder of Magistrate Judge Mehalchick's R&R, to which no objection has been raised, with reasoned consideration.

**I. Conversion of Rule 12(b)(6) Motion**

The defendants argue that their motion to dismiss should be granted on the grounds that plaintiff failed to exhaust his administrative remedies prior to filing suit. In making this determination, the defendants ask us to consider the grievance reports that plaintiff filed at SCI-Benner which defendants argue demonstrate that plaintiff did not fully and accurately complete the administrative exhaustion process. As part of the process, an inmate filing a grievance report must identify the individuals directly involved in the events being grieved. According to the defendants, plaintiff failed to name Defendants Anstead, Balko, Ellenberger, Fagan, Ferguson, Graham, Link, Reiter, Salamon, Saylor, Shaw, Varner, and Wetzel (hereinafter collectively "DOC Defendants") in the grievance that forms the basis of his complaint.

Thus, in deciding their motion to dismiss, the defendants ask us to review not only the pleadings, but also plaintiff's grievance report. As provided by Rule 12(d) of the Federal Rules of Civil Procedure, if "matters outside the pleading are presented to and not excluded by the court, the [Rule 12(b)(6)] motion must be treated as one for summary judgment under Rule 56." FED. R. CIV. P. 12. The defendants argue, however, that we need not convert the pending Rule 12(b)(6)

9

motion to a motion for summary judgment in this case because the grievance report is an "indisputably authentic document" that is integral to the complaint. The defendants argue that it is appropriate and within the bounds of Third Circuit case law to rule on the motion to dismiss as it stands.

Magistrate Judge Mehalchick recommends rejecting the defendants' argument on this point. She opines that dismissal on exhaustion grounds would be more appropriate at a later stage, specifically at the conclusion of discovery, and that it is within the interest of justice to allow the parties more time to gather and present the material that is pertinent to their positions. The magistrate judge recommends allowing the parties to revisit this issue of exhaustion via a motion for summary judgment at the appropriate time.

It appears as though plaintiff objects to this recommendation, arguing that "converting the defendant[s'] exhaustion of administrat[ive] remedies [motion] against plaintiff into a motion for summary judgment" is "erroneous under Rule 12(d) of the Federal Rules of Civil Procedure." (Doc. 21, Pl.'s Mot. for Reconsideration at ¶¶ 3, 4). We take this to mean that plaintiff would prefer the court to presently convert the pending Rule 12(b)(6) motion to a motion for summary judgment and rule on the motion. After a careful review, we will overrule plaintiff's objection.

While we agree with the plaintiff that the plain language of Rule 12(d) seems to require conversion whenever a district court considers materials outside the pleadings, as the defendants point out, there are well-established exceptions. The Third Circuit has held that a court may consider certain types of material without converting the motion to dismiss. In <u>In re Burlington Coat Factory Sec. Litig.</u>, 114 F.3d 1410 (3d Cir.1997), the Third Circuit held that a court can consider a " 'document integral to or explicitly relied upon in the complaint.' " <u>Burlington</u>, 114 F.3d at 1426 (quoting <u>Shaw v. Digital Equip. Corp.</u>, 82 F.3d 1194, 1220 (1st Cir.1996)). The rationale for this exception is that "the primary problem raised by looking to documents outside the complaint—lack of notice to the plaintiff—is dissipated '[w]here plaintiff has actual notice ... and has relied upon these documents in framing the complaint.' " See <u>Burlington</u>, 114 F.3d at 1426 (quoting <u>Watterson v. Page</u>, 987 F.2d 1, 3–4 (1st Cir.1993)).

Here, it appears that the plaintiff does in fact rely on his grievance report in forming his complaint; thus, on its face the exception may seem applicable. On closer review, and with the guidance of the magistrate judge, however, we find that proceeding on this motion to dismiss without conversion would be inappropriate as the facts and circumstances before us are clearly incongruent with the Third Circuit's rationale behind allowing this exception. More specifically, the plaintiff alleged in his complaint that he filed Grievance #538116 in response

to the events in question. (Doc. 1, Compl. at 8). Thus, it is Grievance #538116 that forms the basis of plaintiff's complaint. In defendants' motion to dismiss, however, they cite to an unrelated grievance report, Grievance #532415 as support for their motion to dismiss. Upon realization, the defendants admitted that they were "unaware of the existence of fully exhausted Grievance #538116 prior to the filing of [plaintiff's] brief in opposition."(Doc. 19, at 2).

We find the defendants' oversight to be significant. As such, we will exclude both grievance reports from our present review. We find that the appropriate course of action at this time is to provide the parties, particularly the plaintiff, with a reasonable opportunity to conduct discovery and ensure that no other pertinent grievances exist. For that reason, we decline to convert the defendants' motion to dismiss into a motion for summary judgment. We will deny the motion with respect to the issue of exhaustion. The parties may revisit this issue via a motion for summary judgment at the conclusion of discovery.

**II. Remainder of the Recommendation**

Plaintiff does not object to the remainder of Magistrate Judge Mehalchick's R&R. Thus, we review the record with reasoned consideration, looking for clear error on its face or a manifest injustice. Upon review, we find neither. Accordingly, we will adopt the remainder of the magistrate judge's R&R.

**Conclusion**

    For the foregoing reasons, we will overrule plaintiff's objection and adopt Magistrate Judge Mehalchick's R&R in its entirety. An appropriate order follows.

Date: March 2, 2018                                    s/ James M. Munley
                                                              JUDGE JAMES M. MUNLEY
                                                              United States District Court