# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **QUINTEZ TALLEY,** | : | No. 3:16cv2074 |
| **Plaintiff** | : | |
| v. | : | **(Judge Munley)** |
| | : | **(Magistrate Judge Mehalchick)** |
| **PA DEPT. OF CORRECTIONS, et al.,** | : | |
| **Defendant** | : | |

## **MEMORANDUM**

Plaintiff Quintez Talley, a prisoner incarcerated at State Correctional Institution in Fayette County, Pennsylvania, filed the instant lawsuit asserting a number of claims under 42 U.S.C. § 1983 and the Americans with Disabilities Act (hereinafter "ADA") stemming from events that occurred while plaintiff was incarcerated at State Correctional Institution in Benner Township in Centre County, Pennsylvania (hereinafter "SCI-Benner").  On June 7, 2018, plaintiff filed a motion for summary judgment.  Magistrate Judge Karoline Mehalchick's issued an order striking Plaintiff Quintez Talley's motion for summary judgment and granting the defendants' motion for an extension of time to complete discovery on January 16, 2019. (Doc. 47).  Because plaintiff's motion is dispositive in nature, and out of an abundance of caution, we construe Magistrate Judge Mehalchick's order to be a report and recommendation (hereinafter "R&R") on

this matter. See Fed. R. Civ. P. 72 ("The magistrate judge must enter a recommended disposition" on dispositive motions). **Background**

Plaintiff, a *pro se* inmate, initiated this action on October 11, 2016. (Doc. 1, Compl.). Plaintiff contends that in October of 2014, while he was assigned to SCI-Benner's Restricted Housing Unit (hereinafter "RHU"), he was experiencing suicidal thoughts, which he reported to Lieutenant Shaw, Sergeant Reiter, and Corrections Officer Balko. (Doc. 28, Am. Compl. ¶ 31). Plaintiff alleges that the DOC officers were apathetic to his expressed desire to end his life and left him unattended in his cell for a period of time. (Id.)

At some point, Dr. Lincoln, a psychiatrist at SCI-Benner and a defendant in this case, was notified of plaintiff's suicidal state of mind, and reported to plaintiff's cell. (Id. ¶ 32). Before Dr. Lincoln arrived, however, plaintiff unsuccessfully attempted to hang himself. (Id. ¶ 33). Plaintiff "blacked out," and when he regained consciousness, his mattress was on fire, and Dr. Lincoln was tapping on his cell door. (Id. ¶¶ 33, 34). Plaintiff placed a wet cloth over his face, evidently to avoid smoke inhalation. (Id. ¶ 34). Plaintiff claims that there is no sprinkler system in any of the RHU cells. (Id. ¶ 35).

Shortly thereafter, plaintiff recalls being removed from his burning cell, placed in a wheel chair, and escorted to the medical unit to be placed under psychiatric observation. (Id. ¶ 38). While being transferred from his cell to

2

observation, plaintiff insisted that he had warned the DOC officers of his suicidal urges but was ignored. (Id.)

The plaintiff contends that DOC officers were deliberately indifferent to his mental health needs and violated DOC procedure by leaving him unattended. He further alleges that the prison review board thereafter deliberately attempted to conceal the indifferent behavior of the DOC officers on the night of plaintiff's attempted suicide. Based on the foregoing factual allegations, plaintiff filed the instant lawsuit, advancing a variety of claims under 42 U.S.C. § 1983 (hereinafter "§ 1983") for violations of his rights under the Eighth Amendment, Fourteenth Amendment, and the ADA. He also advances a claim against some of the defendants for conspiring to deprive him of his civil rights by manipulating the inmate grievance process which ultimately contributed to his mental and emotional harm.

On April 21, 2017, the defendants filed a motion to dismiss. (Doc. 14). We granted this motion in part but allowed the plaintiff thirty days to file an amended complaint. (Doc. 26). The plaintiff filed his amended complaint on April 4, 2018. (Doc. 28). Then, on June 7, 2018, plaintiff filed a motion for summary judgment. (Doc. 35). The defendants asked the court for various extensions to file their brief in opposition, noting that discovery has not yet been completed. On January 16, 2019, Magistrate Judge Mehalchick issued an order, which we construe to be

3

an R&R, striking the plaintiff's motion for summary judgement and extending discovery deadlines. (Doc. 47). The plaintiff has filed objections to Magistrate Judge Mehalchick's R&R, which are now ripe for disposition. (Doc. 56).

**Legal Standard**

In disposing of objections to a magistrate judge's R&R, the district court must make a *de novo* determination of those portions of the report against which objections are made. 28 U.S.C. § 636(b)(1)(c); see also Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983). The court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). The district court judge may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id.

Absent objection to the report and recommendation, a district court should still "afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). The law describes this level of review as "reasoned consideration." Id. Absent a clear error on the face of the record or a manifest of injustice, we may adopt the recommendation by the magistrate judge. FED. R. CIV. P. 72(b) 1983 Advisory Committee Notes; see also 28 U.S.C. § 636(b)(1); Sullivan, 723 F.2d at 1085.

**Discussion**

The defendants have filed a request for an extension of time to file their brief in opposition to plaintiff's motion for summary judgment, highlighting the necessity of further discovery and the need to confer with newly served parties against whom the plaintiff seeks summary judgment. Magistrate Judge Mehalchick recommends granting the extension, affording the parties an additional thirty (30) days in which to complete discovery, and striking plaintiff's motion from the record. Plaintiff objects to the magistrate judge's recommendation, arguing that the defendants should have responded to the plaintiff's motion within the allotted time, and that the proceedings are being unjustifiably delayed. Plaintiff further argues that his motion for summary judgment should not have been stricken from the record because plaintiff has not consented to proceed before a magistrate judge.[1]

Pursuant to Federal Rule of Civil Procedure 56, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery. FED. R. CIV. P. 56(b). If a nonmoving party shows that, for specified reasons, it

---

[1] We recognize plaintiff's objection on this ground but will overrule it. As noted above, a magistrate judge must enter a recommended disposition on dispositive motions. See Fed. R. Civ. P. 72. We have therefore construed Magistrate Judge Mehalchick's order regarding plaintiff's motion for summary judgment (Doc. 47) to be a recommendation.

5

cannot present facts essential to justify its opposition of that motion, however, "the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." FED. R. CIV. P. 56(d).

Here, the defendants have advised the court that service forms were sent to the Chief of the Safety and Environmental Protection Division and Bureau of Health Care Services, newly added defendants in this case, on January 3, 2019. (Doc. 46, Def.'s Mot. for Ext. of Time, ¶ 3). Defense counsel entered her appearance on behalf of these parties on February 5, 2019. (Id. ¶ 4). Given that new parties have entered the litigation, the defendants claim that they need time to identify who the Chief of the Safety and Environmental Protection Division is and meet with him before responding to the summary judgment motion. (Id. ¶ 5). Further, counsel for the defendants represent to the court that they have not yet had an opportunity to take the plaintiff's deposition. (Id. ¶ 6).

We agree with Magistrate Judge Mehalchick that the defendants have presented sufficient reasons for their inability to respond to the plaintiff's summary judgment motion at this time.

**Conclusion**

For the foregoing reasons, we will overrule plaintiff's objections and adopt Magistrate Judge Mehalchick's R&R. Pursuant to Federal Rule of Civil

Procedure 56(d), the plaintiff's motion for summary judgment will be denied without prejudice to plaintiff's right to refile his motion at a later point.  Because the plaintiff filed his objections to defendants' request for an extension so late, we will extend the case management deadlines set by Magistrate Judge Mehalchick in this case by an additional thirty (30) days. Discovery will be due on March 18, 2019. Dispositive motions will be due on April 15, 2019.  An appropriate order follows.

**Date: February 22, 2019**                               **s/ James M. Munley**
                                                                              **JUDGE JAMES M. MUNLEY**
                                                                              **United States District Court**