**UNITED STATES DISTRICT COURT**
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| QUINTEZ TALLEY,<br><br>            Plaintiff,<br><br>v.<br><br>PA DEPT. OF CORRECTIONS, et al<br><br>            Defendants | CIVIL ACTION NO. 3:16-CV-2074<br><br>(MUNLEY, J.)<br>(MEHALCHICK, M.J.) |

**ORDER**

This case involves a *pro se* plaintiff, Quintez Talley, who has filed the above-captioned civil rights action pursuant to 42 U.S.C. § 1983. Currently pending before the court is Plaintiff's second motion for appointment of counsel. (Doc. 48). For the following reasons, the court will DENY the motion. Although prisoners have no constitutional or statutory right to appointment of counsel in a civil case, *Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997), the court has discretion to request "an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1); see also *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002); *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993). Under § 1915(e)(1), the "court may request an attorney to represent any person unable to employ counsel. The district court's appointment of counsel is discretionary and must be made on a case-by-case basis. *Tabron*, 6 F.3d at 157-58.

The United States Court of Appeals for the Third Circuit has stated that appointment of counsel for an indigent litigant should be made when circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but

arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984). The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case has some arguable merit in fact and law. *Montgomery*, 294 F.3d at 499. If a plaintiff overcomes this threshold hurdle, other factors to be examined are:

> (1) the plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the claimant to pursue investigation; (4) the plaintiff's capacity to retain counsel on his or her own behalf; (5) the extent to which the case is likely to turn on credibility determinations; and (6) whether the case will require testimony from expert witnesses.
>
> *Montgomery*, 294 F.3d at 499 (citing *Tabron*, 6 F.3d at 155-57).

Additionally, another practical consideration must be taken into account when considering a motion for appointment of counsel. As the Third Circuit has observed:

> … we must take note of the significant practical restraints on the district courts' ability to appoint counsel: the ever-growing number of prisoner civil rights actions filed each year in the federal courts; the lack of funding to pay appointed counsel; and the limited supply of competent lawyers who are willing to undertake such representation without compensation. We have no doubt that there are many cases in which district courts seek to appoint counsel but there is simply none willing to accept appointment. It is difficult to fault a district court that denies a request for appointment under such circumstances.
>
> *Tabron v. Grace*, 6 F.3d 147, 157 (3d Cir. 1993).

Furthermore, this court's duty to construe pro se pleadings liberally, *Haines v. Kerner*, 404 U.S. 519 (1972), coupled with Plaintiff's continued apparent ability to litigate this action, having survived defendants' motion to dismiss and having been granted leave to amend, weigh against the appointment of counsel. Hence, the court will DENY Plaintiff's motion for appointment of counsel. In the event, however, that future proceedings

demonstrate the need for counsel, the matter may be reconsidered either sua sponte or upon motion of Plaintiff.

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Appointment of Counsel (Doc. 48) is **DENIED.** If further proceedings demonstrate the need for counsel, the matter will be reconsidered either *sua sponte* or upon motion of Plaintiff.

**BY THE COURT:**

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States Magistrate Judge**