# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| QUINTEZ TALLEY, | : | No. 3:16cv2074 |
|     **Plaintiff** | : | |
| | : | (Judge Munley) |
|     v. | : | |
| | : | |
| PA DEPT. OF CORRECTIONS; JOHN E. WETZEL; TAMMY FERGUSON; BOBBI JO SALAMON; TIMOTHY GRAHAM; B. ANSTEAD; SCOTT ELLENBERGER; DAVE LINK; LT. SHAW; SGT. RYDER; C.O. BALKO; JERROLD LINCOLN; CHIEF, SAFETY & ENVIRONMENTAL PROTECTION DIVISION; TAMMY S. FAGAN; BUREAU OF HEALTH CARE SERVICES; DORINA VARNER; and C.O. SAYLOR, | : | |
|     **Defendants** | : | |

## **MEMORANDUM**

Before the court are the following three motions, filed by the *pro se* plaintiff, Quintez Talley: (1) a Motion to Alter or Amend Judgment, (Doc. 86); (2) a Motion for Relief from Judgment, (Doc. 87); and (3) a Motion to Stay, (Doc. 89). These motions are now ripe for disposition.

**Background and Procedural History**

On June 3, 2019, the defendants in this action filed a Motion for Extension of Time to File Dispositive Motions, (Doc. 69), which Magistrate Judge Karoline

Mehalchick granted on June 4, 2019. (Doc. 70). On June 17, 2019, the plaintiff filed objections to the magistrate judge's June 4, 2019 nondispositive order. (Doc. 71). Specifically, raising grounds of delay, the plaintiff argued that the defendants should not have been afforded an extension of time and requested that the matter proceed directly to trial.

On July 3, 2019, the defendants filed two (2) Motions for Summary Judgment, along with supporting briefs and materials. (Docs. 74, 75, 76, 77 & 78). On August 2, 2019, after failing to file a brief in opposition in accordance with the local rules of this court, the magistrate judge issued an order directing the plaintiff to file a responsive brief and summary judgment documents by August 15, 2019. (Doc. 79). The magistrate judge's order expressly cautioned that if the plaintiff failed to file a timely opposition brief, he would be deemed not to oppose the defendants' motions. (Doc. 79).

On August 5, 2019, in lieu of filing opposing summary judgment materials as directed, the plaintiff filed a motion to stay proceedings. (Doc. 80). In his motion, the plaintiff requested that the action be stayed pending the court's disposition of his objections to the magistrate judge's June 4, 2019 order granting an extension of time for the defendants to file dispositive motions. According to the plaintiff, a favorable ruling regarding his objections would obviate the need for him to respond to the defendants' motions for summary judgment.

2

On August 27, 2019, the magistrate judge denied the plaintiff's motion to stay. (Doc. 81). The magistrate judge afforded the plaintiff another extension of time to file opposing summary judgment materials by September 17, 2019, lest the defendants' motions be deemed unopposed. (Id.) Despite receiving this extension, the plaintiff failed to file a brief in opposition and supporting documents.

On December 30, 2019, well after the plaintiff's September briefing deadline had passed, the magistrate judge issued a Report and Recommendation ("R&R") that recommended the defendants' respective motions for summary judgment be granted. (Doc. 82). Neither the plaintiff nor the defendants filed any objections to the R&R. On January 17, 2020, the court adopted the R&R in full, and directed the clerk of court to close the case. (Doc. 84).

The same day, the court also addressed the plaintiff's objections filed on June 17, 2019, liberally construing them as an appeal of the magistrate judge's nondispositive order. (Doc. 83). As the plaintiff failed to demonstrate that the magistrate judge's June 4, 2019 ruling was either clearly erroneous or contrary to law, the court denied the relief requested in the plaintiff's filing. (Id.)

On February 7, 2020, the plaintiff filed a notice of appeal to the United States Court of Appeals for the Third Circuit with respect to several orders issued

3

in this case, including the two (2) orders issued on January 17, 2020. (Doc. 85).

The plaintiff subsequently filed a Motion to Alter or Amend Judgment, (Doc. 86),

and a Motion for Relief from Judgment and Supporting Brief, (Docs. 87 & 88) on

February 13, 2020. Thereafter, the plaintiff filed a motion to stay on February 24,

2020. (Doc. 89). On February 26, 2020, the defendants filed a brief in

opposition to the plaintiff's Motion for Relief from Judgment. (Doc. 90). The

plaintiff then filed a reply brief on March 11, 2020, (Doc. 91), bringing this case to

its present procedural posture.

**Discussion**

    **I.     Rule 59(e) Motion[1]**

In his motion to alter or amend, the plaintiff seeks relief under Rule 59(e) of

the Federal Rules of Civil Procedure. (Doc. 86). Motions filed under this rule are

---

[1] As noted in the defendant's brief in opposition, (Doc. 90), the plaintiff has not filed a brief in support of his motion to alter or amend under FED. R. CIV. P. 59. (Doc. 86). Rather, on February 26, 2020, the plaintiff filed a motion to stay this briefing obligation pending the court's disposition of his concurrently filed motion for relief from judgment under FED. R. CIV. P. 60. (Doc. 89). Pursuant to Local Rule 7.5:
> Within fourteen (14) days after the filing of any motion, the party filing the motion shall file a brief in support of the motion. . . . If a supporting brief is not filed within the time provided in this rule the motion shall be deemed to be withdrawn.

Given the courts disposition of his Rule 60 motion, discussed *infra*, the plaintiff's motion to stay will be denied. However, in deference to the plaintiff's *pro se* status, the court will nonetheless consider his Rule 59 motion despite having failed to file a supporting brief in accordance with Local Rule 7.5.

treated as motions for reconsideration, which are "extremely limited" in scope. Blystone v. Horn, 664 F.3d 397, 415 (3d Cir. 2011). Indeed, the purpose of a motion for reconsideration is not to provide an opportunity to relitigate the case, but rather "to correct manifest errors of law or fact or to present newly discovered evidence." Id. (citing Howard Hess Dental Labs., Inc. v. Dentsply Int'l Inc., 602 F.3d 237, 251 (3d Cir. 2010)); see also Glendon Energy Co. v. Borough of Glendon, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993) (holding that a motion for reconsideration is not a proper vehicle merely to attempt to convince the court to rethink a decision it has already made). As such, the movant must demonstrate one of the following three grounds for a Rule 59(e) motion to be granted: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or to prevent manifest injustice. Max's Seafood Cafe ex rel. Lou–Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999).

Here, the plaintiff's motion challenges the court's January 17, 2020 order adopting the magistrate judge's R&R and entering summary judgment in favor of the defendants. The plaintiff claims that the court's ruling was "incorrect and inconsistent with the facts of record," and challenges several findings set forth in the R&R. Nonetheless, the plaintiff fails to establish one of the three major grounds needed to grant a proper motion for reconsideration. See Max's

5

Seafood Cafe, 176 F.3d at 677. Instead, the plaintiff appears to simply disagree with the court's decision to adopt the magistrate judge's findings—to which the plaintiff did not file any timely objections—and grant the defendants' motions for summary judgment. Accordingly, the plaintiff's motion to alter or amend, (Doc. 86), will be denied.

## II. Rule 60 Motion

Also before the court is a motion for relief from judgment, filed pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure. In his motion, the plaintiff argues that he should be granted relief from the court's January 17, 2020 order, which adopted the R&R, on the grounds of surprise or excusable neglect. In support of this argument, the plaintiff claims that his obligation to respond to the defendants' motions for summary judgment was contingent upon the court's resolution of his objections to the magistrate judge's June 4, 2019 order, which granted the defendants an extension of time to file said dispositive motions. As the court did not rule upon his objections until after the magistrate judge issued the R&R, the plaintiff contends that he was denied a meaningful opportunity to respond to the defendants' motions. As for relief, the plaintiff requests that he be afforded time to oppose the defendants' dispositive motions.

Rule 60(b)(1) of the Federal Rules of Civil Procedure provides that, "on motion and just terms, the court may relieve a party . . . from a final judgment,

order, or proceeding [based on] . . . mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1). "The assessment of whether a party's neglect is excusable is essentially an equitable one,[2] in which courts are to take into account all relevant circumstances surrounding a party's failure to file." Hart v. Oppman, 703 F. App'x 146, 148 (3d Cir. 2017) (internal quotations and citations omitted). Upon considering a Rule 60(b)(1) motion that invokes excusable neglect, the court must consider the following factors: "1) the danger of prejudice to the other party; 2) the length of the delay and its potential impact on judicial proceedings; 3) the reason for the delay—and whether it was within the movant's control; and 4) whether the movant acted in good faith." Orie v. Dist. Attorney Allegheny Cty., 946 F.3d 187, 191 (3d Cir. 2019) (quoting Nara v. Frank, 488 F.3d 187, 193 (3d Cir. 2007)); see also Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 381 (1993). However, "[i]nsufficient showings for relief . . . include when the party . . . did not proceed with the case, did not keep track of its progress, or failed to comply with an order of the court, all of

---

[2] Although the United States Court of Appeals has not yet clearly defined the term "surprise" as encompassed under FED. R. CIV. P. 60(b)(1), courts in this district have found that the determination of "surprise" is also an equitable matter. Otis v. Chesapeake Appalachia, LLC, No. CIV.A. 3:11-0115, 2012 WL 1657930, at *3 (M.D. Pa. May 11, 2012).

7

which are viewed as culpable conduct of the party." Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2858 (3d ed. 2019).

Here, the court is hard pressed to find that the plaintiff is entitled to relief from the January 17, 2020 order based on surprise or excusable neglect. Significantly, the plaintiff concedes that he was aware of the defendants' motions for summary judgement while they remained pending against him. He also acknowledges that he intentionally refrained from responding to these motions because he was under no obligation to do so until his objections to the magistrate judge's nondispositive order were ruled upon. Given the following factors, the plaintiff's invocation of surprise as a basis for Rule 60(b)(1) relief is therefore unpersuasive: his knowledge of the dispositive motions at issue, the court expressly directing him to file responsive summary judgement papers; the court affording him multiple extensions of time to file responsive summary judgment papers, lest the defendants' motions be deemed unopposed; and the denial of his motion to stay summary judgment proceedings. Similarly, given that the plaintiff had several opportunities to oppose summary judgment, but rather opted to wait instead of complying with the local rules and express directives of briefing orders, the court finds that his failure to oppose summary judgement was

attributable to his own culpable conduct and not any excusable neglect.[3]

Therefore, the plaintiff's motion under Rule 60 will be denied.

**Conclusion**

For the reasons articulated herein, the plaintiff's Motion to Alter or Amend, (Doc. 86), and Motion for Relief from Judgment, (Doc. 87), will be denied.

An appropriate order follows.

**BY THE COURT:**

**Dated: March 12, 2020**     **/s James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Judge**

---

[3] Weighing the equitable factors articulated in Orie does not result in a different conclusion. See 946 F.3d at 191. With respect to the first factor, there would be some prejudice to the defendants by having to vacate the January 17, 2020 order. As to the second factor, the plaintiff's delay in bringing this motion was slight, as he filed it fewer than thirty (30) days after the entry of the January 17, 2020 order. However, the third and fourth factors weigh against the plaintiff, as, despite the unpersuasive contention that he had no obligation to respond as long as his June 17, 2019 objections remained outstanding, the reasons for failing to oppose summary judgment were within his control and attributable to his deliberate decision not to respond. Accordingly, these equitable considerations do not favor relief from judgment under Rule 60(b)(1) here.